******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SABRINA C.* *v.* LUCAS FORTIN
(AC 39227)

Alvord, Keller and Lavery, Js.

*Syllabus*

The plaintiff filed an application for an order of civil protection against the defendant, which alleged, inter alia, that the defendant had sexually assaulted her in 2015. The trial court granted the application for a civil protection order for one year. Before the order expired, the defendant filed a motion to vacate or modify the order on the basis of certain comments that the plaintiff allegedly had made on social media. At a hearing on that motion, the defendant's counsel represented that no criminal charges had arisen as a result of the alleged assault and that the order should be vacated. The court denied the motion as untimely and on its merits. The defendant filed several motions to reargue, claiming, inter alia, that the initial motion to vacate was not untimely. In her objection, the plaintiff requested attorney's fees for defending against the defendant's multiple motions. The court denied the motions to reargue and granted the plaintiff's request for an award of attorney's fees, and the defendant appealed to this court. Thereafter, approximately one month prior to the expiration of the original order of protection in 2016, the plaintiff filed a motion in the trial court to extend the order for an additional year. The court concluded that no evidentiary hearing was required and that, on the basis of its interpretation of the statute governing orders of civil protection (§ 46b-16a [c]), the need for protection of the applicant still existed. The court extended the order of protection an additional year, and the defendant filed an amended appeal. *Held*:

1. The trial court did not abuse its discretion in denying the defendant's motion to vacate or modify the original protection order; although it was clearly erroneous for that court to have concluded that the motion to vacate was untimely where, as here, it was filed within four months of the date judgment was rendered, that erroneous factual finding was not significant, as the trial court relied on two independent grounds for its denial, and after the court acknowledged its erroneous finding, it found that the denial of the motion was nevertheless proper because the defendant had failed to provide a good or compelling reason to vacate or modify the civil protection order.

2. Contrary to the defendant's claim, the trial court did not improperly substitute the basis for its denial of his motion to vacate or modify the civil protection order in its articulation; in its oral ruling following the hearing on the motion to vacate, the court indicated that it was not persuaded by the defendant's proffered reason to vacate the order, namely, that the defendant had not been charged with a crime following the police investigation into the assault, and that ground did not contradict and was not irreconcilable with the court's articulation that it denied the motion to vacate because the defendant had failed to establish a good or compelling reason to vacate or modify the judgment.

3. The trial court improperly granted the plaintiff's request for attorney's fees under the bad-faith exception to the American rule without providing the required high degree of specificity in its factual findings to support a determination that the defendant's motions to vacate and to reargue had been filed in bad faith and were without color; although the trial court's articulation revealed that the court was troubled by the defendant's numerous, repetitive, and insufficient filings, and the court found some of the defendant's claims to be unpersuasive and without merit, it did not provide, with a high degree of specificity, factual findings to support a determination that those claims were made in bad faith and were entirely without color, and there was nothing in the record to support the court's finding that the defendant's motivation for the filings was to victimize the plaintiff.

4. The trial court improperly granted the plaintiff's motion for a one year extension of the civil protection order, as there was no evidence presented at the 2016 hearing that the need for protection still existed; subsections (a) and (c) of § 46b-16a are clear and unambiguous and

provide that a victim of sexual assault, after having obtained a civil protection order, can apply to have that order extended if, inter alia, the need for protection still exists, the plaintiff was required to present evidence that her need for protection against the defendant still existed, which she failed to do, and the trial court's basis for its determination that the need for protection still existed—that the plaintiff had been a victim of sexual assault and that the statute was designed to protect such victims—was insufficient without testimony or other evidence to support it.

Argued April 26—officially released September 26, 2017

*Procedural History*

Application for a civil protection order, brought to the Superior Court in the judicial district of Windham, where the court, *A. Santos, J.*, granted the application; thereafter, the court denied the defendant's motion to vacate the protection order; subsequently, the court denied the defendant's motion to reargue, awarded the plaintiff attorney's fees, and the defendant appealed to this court; subsequently, the court, *A. Santos, J.*, granted the plaintiff's motion to extend the protection order, and the defendant filed an amended appeal; thereafter, the court, *A. Santos, J.*, issued articulations of its decisions. *Reversed in part; judgment directed.*

*Mathew Olkin*, for the appellant (defendant).

*Lorraine Carcova*, with whom was *Anne Louise Blanchard*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, Lucas Fortin, in his appeal and first amended appeal, appeals from the judgment of the trial court denying his motion to vacate or modify a civil protection order that had been granted to the plaintiff, Sabrina C., and from the court's award of attorney's fees to the plaintiff after the court denied his second amended motion for reargument. In the defendant's second amended appeal, he appeals from the ruling of the court granting the plaintiff's motion for a one year extension of the civil protection order. The defendant claims that the court improperly (1) denied his motion to vacate or modify the civil protection order on erroneous factual and legal grounds, (2) changed the basis for its denial in a subsequently issued articulation, (3) awarded the plaintiff attorney's fees under the bad-faith exception to the American rule without setting forth an adequate factual basis, and (4) granted the plaintiff's motion for a one year extension of the civil protection order without any evidence to support a finding that her need for protection still existed. We agree with the defendant's third and fourth claims, and, accordingly, we remand the matter to the trial court with direction to vacate the award of attorney's fees and to vacate the order extending the civil protection order to November 24, 2017.

The following facts, which either were found by the trial court or are undisputed, and procedural history are relevant to our analysis. On November 10, 2015, the plaintiff filed an application for an order of civil protection pursuant to General Statutes § 46b-16a,[1] alleging that the defendant had sexually assaulted her on November 8, 2015. The court issued an ex parte civil protection order that prohibited the defendant's contact with the plaintiff. The ex parte order expired on November 24, 2015, the date of the scheduled hearing on the plaintiff's application.

At the hearing, the plaintiff testified as follows. She and the defendant had been longtime friends. The evening of November 7, 2015, she had plans to "hang out" with the defendant and another friend. Because they would be consuming alcohol, the plaintiff planned on spending the night at the defendant's house. The plaintiff "drank a little bit too much," and went inside the defendant's house around midnight. The next thing she remembered was waking up with her pants down and the defendant digitally penetrating her. She punched him in the face and ran out the door. The defendant also testified at the hearing, and he claimed that the plaintiff initiated sexual contact with him and that he responded by digitally penetrating her. He acknowledged that she then punched him in the face.

The court "credited the plaintiff's testimony and not the defendant's" and granted the plaintiff's application

for a civil protection order. The terms of the order required the defendant to surrender all firearms; prohibited him from assaulting, abusing or harassing the plaintiff; prohibited any contact with the plaintiff; and required him to stay 100 yards away from the plaintiff. The expiration date of the order was November 24, 2016.

On March 8, 2016, the defendant, as a self-represented party, filed a "motion to vacate civil protective order," claiming that the plaintiff commented on social media that "she is not afraid" of him and that "she will take matters into her own hands." The defendant also claimed that the plaintiff was "trying . . . to get me to violate the order." On April 19, the plaintiff filed an objection to the defendant's motion on the following grounds: "The defendant's motion to vacate the civil protective order recites new facts for the court to consider. In this case, judgment has entered. The appeal period has expired. The period of time in which to open and modify a judgment has expired. It would be improper for the court to hear a motion to vacate."

The court held a hearing on April 26, 2016, to consider the defendant's motion to vacate and the plaintiff's objection. At the beginning of the hearing, the court asked the defendant, now represented by counsel, the following question: "Counselor, are you asking to vacate it completely, or are you asking to vacate it or modify it?" The defendant's counsel responded: "Vacate or in the alternative modify, Your Honor." The plaintiff's counsel then requested the opportunity to be heard preliminarily on her objection first, claiming "procedural" and "jurisdiction[al]" grounds. The court allowed the plaintiff to proceed, and the plaintiff argued that the defendant filed his motion more than four months after the judgment granting the application for a civil protection order had been rendered. In response, the defendant's counsel indicated that the defendant's motion had been filed prior to his representation of the defendant in this matter.

The court, after noting that the defendant's motion to vacate relied upon events that occurred subsequent to the issuance of the protection order, addressed the defendant's counsel: "So you're not really questioning the reason why the—the restraining order was—was granted, you're saying after the fact this is why it should be vacated. Do you stand by the statements of your client in connection with the application?" The defendant's counsel responded: "I was not aware of the exact basis of the motion until I was shown it today. . . . The basis of our motion that I'm prepared to argue today, Your Honor—my argument is that subsequent information, after the entry of the order, has—has drawn into question the propriety of the continuance of the protection order, specifically that the police investigated it fully and found that there was no proba-

ble cause to charge him with any crime. And given that conclusion, we feel it's necessary to revisit." The court responded: "You understand that you don't have to commit a crime to have a—a civil restraining order—or a restraining order granted in a case." The defendant's counsel replied: "Certainly I do, Your Honor. And what I'm going to argue is that at the time the order was issued they were still in the midst of investigating the complaint and had not yet drawn a conclusion about it. The court drew its own conclusion about the—the need for the order. And I'm simply arguing that the balance may have shifted, given the results of the police investigation." The court stated: "Counselor—counselor, the testimony was that your client sexually assaulted the applicant, and I believed her."

No other ground for vacating the protection order was proffered by the defendant, and neither party testified at the April 26, 2016 hearing. Immediately after the hearing, the court orally ruled: "After hearing the argument, I'm going to deny the motion for two reasons. One is that this motion to vacate is not made within 120 days from the adjudication of the—of the case on its merits, and also the reasons to vacate do not test the—the validity of the court's order that was made after hearing the case on the merits."

On May 3, 2016, the defendant filed a motion to reargue "pursuant to Practice Book § 11-12," claiming that the court "overlooked" a "controlling principle of law." The defendant argued that the 120 day limitation period to file a motion to open a judgment was not applicable to the present case. The defendant cited case law for the proposition that the court had "inherent power to modify its own injunctions." On May 5, the plaintiff filed an objection to the defendant's motion to reargue, claiming, inter alia, that Practice Book § 11-12 was not applicable to decisions that are final judgments for purposes of appeal. On May 6, the defendant filed an amended motion to reargue with the following explanation: "This motion is in all ways identical to the motion to reargue filed May 2, 2016,[2] except that this motion asks for reargument pursuant to [Practice Book §] 11-11 instead of 11-12."

On May 11, 2016, the defendant filed a "second amended motion to reargue" for the purpose of amending his prior motions to apprise the court that it had "misapprehen[ded] . . . a crucial fact." The defendant claimed that the court erroneously held that the defendant's motion to vacate the protection order had not been filed within 120 days of the court's judgment when, in actuality, the motion had been filed 105 days after the judgment had been rendered. The defendant additionally claimed that the plaintiff was attempting to "extract revenge against [the] defendant" and that the order's "100-yard stay-away" restriction had burdened the defendant with "significant collateral conse-

quences."

On May 17, 2016, the plaintiff filed an objection to the defendant's second amended motion to reargue. In her objection, the plaintiff, citing case law, argued that a party must demonstrate a "good and compelling reason" in order to prevail on a motion to open a judgment. She claimed that the defendant's motion to vacate the order "is devoid of facts that would provide a compelling reason to open the judgment" and that the defendant "merely recounts feelings and events which he believes transpired since final judgment entered." At the end of her objection, the plaintiff requested that the court deny the defendant's motion to reargue and that he "pay costs for the plaintiff's attorney's fees in defending the four motions filed on this issue."[3] She did not cite any statutory or case law in support of her claim for attorney's fees.

On May 17, 2016, the court held a hearing on the defendant's second amended motion to reargue and the plaintiff's objection to that motion. The defendant's counsel began his argument with the statement that the court has "broad discretion to open and modify a judgment for a good and compelling reason."[4] He then proffered the following reasons for opening the judgment in the present case: (1) the defendant is subject to ongoing felony arrests for the unknowing, innocent violation of the 100 yard "stay away" provision of the order; (2) the 100 yard "stay away" provision provides little or no additional protection to the plaintiff; (3) the defendant's life has been impacted because he is fearful of going out in public and being caught in an unknowing violation; and (4) the plaintiff has an agenda to "extract revenge" against the defendant by attempting to trap him into violating the 100 yard "stay away" provision.

The plaintiff's counsel responded: (1) the defendant failed to appeal from the granting of the November 24, 2015 civil protection order; (2) the defendant's own conduct resulted in the current restrictions on his life's activities; (3) there is no need to modify the civil protection order; (4) the defendant filed his own application for a civil protection order against the plaintiff in March, 2016, which was denied by the court; (5) the defendant has subjected the plaintiff to several court proceedings on the same issue, which has "re-victimiz[ed] her again and again"; and (6) the court should award attorney's fees to the plaintiff's counsel for "defending . . . these numerous duplicative motions." The plaintiff's counsel requested $4800 in attorney's fees. The defendant's counsel responded that "we find nothing improper in amending our pleadings as the circumstances require."

Neither party testified in court after the arguments by counsel. The court then orally ruled: "The court found a valid reason to grant the restraining order before. Nothing that has been offered would compel the court to vacate the restraining order, or to even

modify it as requested in the second request by the—by the . . . defendant. So the court is not convinced that there's a good and compelling reason to vacate any of the judgment that was entered in this matter, I believe, back in November 24, 2015. So for those reasons the court will—will deny the—the defendant's second amended motion to reargue this case, and his argument to open and modify—or open and vacate—or open and modify the judgment. So the court is denying that."

The court then proceeded to address the plaintiff's request for attorney's fees. "And the court—because of the numerous requests that the defendant . . . has made, the court does feel that the plaintiff's attorney ought to be paid attorney's fees for defending all these various motions, and even in motions that are new for today. So based upon the arguments made, the court will grant that request and order attorney's fees to the plaintiff in the amount of $1500." The defendant filed his original appeal from the award of attorney's fees on May 20, 2016. The defendant subsequently filed his first amended appeal, dated May 23, 2016, to include the denial of the defendant's motion to vacate the civil protection order.

On May 26, 2016, the defendant filed a motion for articulation requesting that the trial court articulate the factual and legal basis for its oral rulings on April 26 and May 17, 2016. Granting the motion for articulation, the court issued a written memorandum of decision on June 30, 2016, addressing the defendant's requests. In its articulation, the court conceded that it erroneously had found that the motion to vacate the civil protection order had not been filed within 120 days of the original adjudication. The court acknowledged that the defendant's motion had been filed 105 days after the judgment had been rendered by the court. Nevertheless, the court stated that the denial of the defendant's motion had been proper because he "failed to establish a good or compelling reason to vacate or modify the November 24, 2015 judgment."

The court articulated that all of the proffered reasons presented by the defendant at the May 17, 2016 hearing on the motion for reargument had been "unpersuasive and not . . . compelling reason[s] to vacate or modify the judgment." The court noted that the defendant's primary argument in support of his motion to vacate the civil protection order had been that "the rape kit came back negative and the police did not find probable cause to charge the defendant with a crime." The court reiterated that it had found the plaintiff's testimony about the sexual assault to be credible. Moreover, the court articulated that it had responded to the defendant's primary argument at the April 26, 2016 hearing by stating that the plaintiff did not have to prove that a crime had been committed beyond a reasonable doubt

in order to be granted a civil protection order.

With respect to the award of attorney's fees, the court provided the following basis for its order. "By filing the motion to vacate, the motion to reargue, two amended motions to reargue without any merit, the defendant continues to victimize the victim. Additionally, the defendant filed an application for a civil protection order against the plaintiff, which the court heard and denied on March 22, 2016. The defendant's application was without merit.

"The arguments advanced by the defendant's counsel at the May 17, 2016 hearing were the same arguments advanced at the April 26, 2016 hearing that were not accepted by the court. They have been repeated in the various memoranda and motions filed by the defendant's counsel. A motion to reargue 'is not to be used as an opportunity to have a second bite at the apple' . . . . In awarding attorney's fees to the plaintiff's counsel, this court found that the defendant acted in bad faith by attempting to take more than just 'two bites of the apple.'

"In the present case, it is not any one filing that was made in bad faith or colorless. It is the cumulative amount of repetitive and insufficient filings. Continuously repeating arguments and making the plaintiff's counsel respond to often redundant filings is, in this court's view, bad faith conduct warranting the award of attorney's fees for such duplicative and colorless filings." (Citation omitted.)

On October 27, 2016, which was four months after the issuance of the court's articulation, the plaintiff filed a motion to extend the civil order of protection for an additional year. The expiration date of the order was November 24, 2016, and the plaintiff was requesting that it be extended to November 24, 2017. In her motion, the plaintiff first recited the procedural background of the matter. She then argued that she had "a continuing need for the court's protection" because "the defendant's use of the court process has continued to cause the plaintiff extreme emotional and physical distress and further victimization." The plaintiff further stated that she "remain[ed] a victim of sexual abuse and sexual assault," that there was "no other order . . . in place to protect her from the defendant," and that "the defendant continue[d] to use the court process to victimize her as he has filed repeated motions and an appeal."

On November 8, 2016, the defendant filed an objection to the plaintiff's motion. In his objection, the defendant claimed that the plaintiff had made "false allegations" in her motion and that her grounds for an extension were "legally insufficient" to find that she "reasonably needs continuing protection against the defendant." The defendant further stated that an extension of the civil protection order "would do nothing to

deter the conduct of which the plaintiff complains. The defendant has every right to defend against this action, and will continue to do so whether the order is extended or not." The defendant filed a request for an evidentiary hearing, which was granted by the court.

On November 15, 2016, the court held a hearing on the plaintiff's motion to extend the civil protection order and the defendant's objection to that motion. Both parties were duly sworn at the beginning of the hearing. The court then asked the plaintiff's counsel whether she wished to call the plaintiff as a witness. The plaintiff's counsel responded that she did, but that she believed that a strict statutory interpretation of § 46b-16a (a) and (c)[5] provided all the authority that the court needed to grant the extension. According to her interpretation, the court needed only to find that the plaintiff had filed a motion to extend the order, that she had been a victim of sexual abuse or sexual assault, and that no other order for protection against the defendant existed. The plaintiff, through counsel, argued to the court that there was no requirement that she prove that a continuing need for protection still existed.

The defendant's counsel disagreed with the interpretation of plaintiff's counsel and argued that the burden of demonstrating a need for protection to obtain an extension is the same as the burden of demonstrating the need for protection to obtain the initial protection order. He argued that § 46b-16a (b) sets forth the criteria for determining whether protection is required.[6] At that point, the court stated that it would take a recess to review the statutory provisions and the parties' submissions.

When court reconvened, the court made the following oral ruling: "The court, having reviewed the submissions and having considered the pertinent subsection of the statute, which is [§] 46b-16a, subsection (c), concludes that, in accordance with that section that the need for protection of this applicant still exists. And, therefore, the court will extend the protection order for an additional year." The court's judgment was rendered *without either party testifying or providing any evidence* at the hearing. The defendant timely filed his second amended appeal to include the court's ruling extending the civil protection order to November 24, 2017.

By motion dated November 30, 2016, the defendant requested the trial court to articulate the factual and legal basis for its judgment rendered on November 15, 2016. By memorandum of decision issued on February 27, 2017, the court articulated its reasoning for granting the plaintiff's motion to extend the civil protection order against the defendant for an additional year. The court, after setting forth the procedural history of the case and citing the language in the relevant statutory provisions, repeated its November 24, 2015 determination that it

had "fully credit[ed]" the representations that the plaintiff had made in her affidavit attached to her application for the initial civil protection order as well as her testimony at the November 24, 2015 hearing on that application. It then made the following articulation: "After the court issued the civil protection order, the [defendant] made numerous court filings, including his application for a civil protection order against the [plaintiff], which required her to make numerous court appearances and to repeatedly see the [defendant]. This court stated in its memorandum of decision dated June 28, 2016, that by using the civil protection order process to file multiple motions 'without any merit, the [defendant] continues to victimize the victim.'

"Based on the task force's[7] discussions regarding the legislative policy that § 46b-16a (c) was designed to implement[8] and on the court's findings of fact in the present case, the court concludes that the circumstances of this case, i.e., the [defendant] sexually assaulted the [plaintiff] but was not criminally prosecuted, present the exact situation for which the legislature intended continuing protection and provided for an extension of the civil protection order. Therefore, the court finds that the need for protection still exists pursuant to § 46b-16a (c) in this case. Thus, because it is undisputed that the [plaintiff] filed a proper motion for the extension of the civil protection order, a proper officer served the [defendant] a copy of the motion, no other protection order based on the same facts and circumstances is in place, and, as the court has determined, the need for protection still exists . . . the [plaintiff] has satisfied all the requirements under § 46b-16a (c) for the court to extend the civil protection order against the [defendant]." (Footnotes added.) The court then granted the plaintiff's motion for a one year extension of the original November 24, 2015 order to November 24, 2017.

I

The defendant's first claim on appeal is that the court improperly denied his motion to vacate or modify the November 24, 2015 civil protection order on erroneous factual and legal grounds. Specifically, the defendant argues that the court, in its first ground for the denial of his motion to vacate, made a clearly erroneous finding that his motion had not been filed within 120 days of the judgment granting the plaintiff's application for a civil protection order. The defendant further claims that the court applied an incorrect legal standard when, in its second ground for the denial of his motion, the court stated that the defendant failed to challenge the validity of the November 24, 2015 judgment. The defendant argues that the court should have, but failed to consider certain events that had transpired subsequent to the rendering of that judgment.[9] We are not persuaded.

We first note that the motion filed by the self-represented defendant on March 7, 2016, was titled "motion to vacate civil protective order." The civil protection order had been granted by the court on November 24, 2015, which was more than twenty days prior to the filing of the defendant's motion. The defendant had not appealed from the court's judgment, and, therefore, the defendant was requesting that the court open the judgment and vacate or modify the order.[10] Accordingly, we set forth the standard of review and legal principles that are applicable to a court's decision on a motion to open a judgment.[11]

"The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1]. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal. . . .

"The principles that govern motions to open or set aside a civil judgment are well established. *Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation.* . . .

"Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Citation omitted; emphasis added; internal quotation marks omitted.) *JP Morgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 272–73, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013).

At the April 26, 2016 hearing on the defendant's motion to vacate the civil protection order,[12] the defendant's counsel affirmed that the defendant was seeking

either the vacating of the order or a modification of the order. Instead of relying on the grounds set forth by the self-represented defendant in his motion, however, the defendant's counsel stated that he was relying on a different ground in support of the motion: the fact that the police investigation into the plaintiff's underlying complaint of sexual assault found no probable cause to charge the defendant with a crime. The defendant's counsel argued: "[G]iven that conclusion, we feel it's necessary to revisit." He conceded, when questioned by the court, that a civil protection order can be granted without a crime being prosecuted.

When the arguments by the parties' counsel had concluded, the court orally ruled as follows: "I'm going to deny the motion for two reasons. One is that this motion to vacate is not made within 120 days from the adjudication of the—of the case on its merits, and also the reasons to vacate do not test the—the validity of the court's order that was made after hearing the case on the merits."

As correctly pointed out by the defendant, the court's first ground is clearly erroneous. The judgment was rendered November 24, 2015, and the motion to open and vacate was filed March 8, 2016, which was within the four month period. After the defendant brought this error to the court's attention in his second amended motion to reargue filed on May 11, 2016, and in his motion for articulation filed on May 26, 2016, the court acknowledged in its June 30, 2016 memorandum of decision that it had erroneously found the filing of the motion to be untimely.[13] Nevertheless, the court articulated that the denial of the defendant's motion had been proper because the defendant failed to provide a good or compelling reason to vacate or modify the civil protection order.

We conclude that the court's erroneous factual finding in its oral ruling made on April 26, 2016, is not significant. The court relied on two independent grounds for its denial. Further, given its June 30, 2016 articulation, it acknowledged its mistake and stated that the result reached had been proper because the defendant failed to provide a good or compelling reason to open the judgment. The defendant claims that this reason is different from the reason provided in its oral ruling. We disagree, for the reasons discussed in part II of this opinion. Moreover, it is important to note that the defendant relied only on the decision of the police not to charge him with a crime as the basis for his request to vacate or modify the order. As conceded by counsel at the April 26, 2016 hearing, the subsequent determination by the police that there was no probable cause to charge the defendant with a crime does not affect the validity of the November 24, 2015 order. The court expressly stated that it credited the plaintiff's testimony that she had been sexually assaulted by the

defendant, and the court concluded that there was no reason to open that judgment. For these reasons, we determine that the trial court did not abuse its discretion in denying the defendant's motion to open the judgment and vacate or modify the November 24, 2015 civil protection order.

II

The defendant's next claim is that the court improperly changed the basis for its denial of the defendant's motion to open and vacate or modify the civil protection order in its subsequently issued June 30, 2016 articulation. Specifically, he argues that the court "substitute[d] new reasoning for the second stated basis" of his April 26, 2016 oral ruling. In the court's oral ruling, it stated that the defendant's proffered reasons to vacate the judgment did not test the validity of the civil protection order, issued after the November 24, 2015 hearing on the merits. In its June 30, 2016 memorandum of decision, the court articulated: "[T]he court's denial of the motion to vacate was proper because the defendant failed to establish a good or compelling reason to vacate or modify the November 24, 2015 judgment." The defendant claims that the articulation "offers an entirely new basis for the April 26 [2016] ruling, delivered after the fact and in clear conflict with the one expressed and evidently used at the time of [that ruling]." We are not persuaded.

"As a general rule, [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated, is unclear. . . . The purpose of an articulation is to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . . An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision. . . . If, on appeal, this court cannot reconcile an articulation with the original decision, a remand for a new trial is the appropriate remedy. . . . Such a remedy, however, is appropriate only when [t]he crucial findings of fact in the memorandum of decision are inconsistent and irreconcilable, and the articulation obfuscates rather than clarifies the court's reasoning." (Citations omitted; internal quotation marks omitted.) *Lusa* v. *Grunberg*, 101 Conn. App. 739, 743, 923 A.2d 795 (2007).

Upon review of the reasons set forth in the court's April 26, 2016 oral ruling and its June 30, 2016 articulation, we conclude that they are not irreconcilable with respect to the basis for denying the defendant's motion to open the November 24, 2015 judgment. First, the only ground proffered by the defendant for vacating or

modifying the judgment was that the police investigation resulted in the decision not to charge the defendant with a crime. The court rejected that ground during the hearing, and the defendant conceded that a civil protection order could properly be issued in the absence of a crime being committed.

Second, the court had not been persuaded by the defendant's argument regarding the police investigation, and the defendant had proffered no other grounds for opening the judgment. The court stated that the defendant had not challenged the validity of the November 24, 2015 civil protection order, which was correct. When asked for a further articulation of the basis for its denial of the defendant's motion, the court responded that he had failed to provide a good or compelling reason for opening the judgment. These reasons for denial are not irreconcilable or contradictory.

Moreover, the court did not err in failing to mention its articulated reason in its April 26, 2016 oral ruling. The case law does not require that the court expressly state that it found no good and compelling reason before denying a motion to open a judgment. The court's decision "will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Cockayne* v. *Pilon*, 114 Conn. App. 867, 869, 971 A.2d 732 (2009). We conclude, therefore, that the trial court's articulation did not improperly substitute a different ground for its denial of the defendant's motion to open the judgment.

III

The defendant's next claim is that the court improperly awarded the plaintiff attorney's fees after it denied his second amended motion for reargument at the May 17, 2016 hearing. Specifically, he argues that the court granted the plaintiff's request for attorney's fees under the bad-faith exception to the American rule[14] without providing a high degree of specificity in its factual findings to support a determination that the defendant's motions had been filed in bad faith and were entirely without color. We agree with the defendant.

We first set forth the applicable standard of review and legal principles that guide our analysis of the defendant's claim. "It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it

did. . . .

"As a substantive matter, [t]his state follows the general rule that, except as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . .

"[A] litigant seeking an award of attorney's fees for the bad faith conduct of the opposing party faces a high hurdle. . . . To ensure . . . that fear of an award of attorney's fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . . Thus *Maris* [v. *McGrath*, 269 Conn. 834, 850 A.2d 133 (2004)] makes clear that in order to impose sanctions pursuant to its inherent authority, the trial court must find *both* [1] that the litigant's claims were entirely without color *and* [2] that the litigant acted in bad faith. . . .

"Significantly, our appellate courts have declined to uphold awards under the bad-faith exception absent . . . a high degree of specificity in the factual findings of [the] lower courts." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Rinfret* v. *Porter*, 173 Conn. App. 498, 507–509, 164 A.3d 812 (2017). In the present case, we conclude that the trial court failed to comply with the requirements in our case law that it must find clear evidence that the defendant's actions were entirely without color *and* were taken in bad faith, and must separately set forth those factual findings with a high degree of specificity. Id., 510.

At the time the court awarded the plaintiff $1500 in attorney's fees at the May 17, 2016 hearing, the only explanation it provided for the award was "because of the numerous requests" that the defendant had made that had required the plaintiff's counsel to "[defend] all [of those] various motions." The court's stated reason was clearly inadequate to support an award of attorney's fees under the bad-faith exception to the American rule. The defendant requested an articulation of the court's basis for its ruling, and the court granted that request and provided more detailed and specific findings in its written memorandum of decision. Accordingly, we look to the court's June 30, 2016 articulation to determine whether the award of attorney's fees was properly made.

A careful reading of the June 30, 2016 articulation reveals that the trial court was troubled by the "numerous filings made by the defendant." The court first noted that the reasons provided in support of the defendant's motion to open the judgment and to vacate or modify the civil protection order were "unpersuasive" and failed to set forth "a compelling reason." The court then stated that "[b]y filing the motion to vacate, the motion to reargue, two amended motions to reargue without any merit, the defendant continues to victimize the victim. Additionally, the defendant filed an application for a civil protection order against the plaintiff, which the court heard and denied on March 22, 2016. The defendant's application was without merit." The court expressly found that "it is not any one filing that was made in bad faith or colorless. It is the cumulative amount of repetitive and insufficient filings."[15] The court concluded: "Continuously repeating arguments and making the plaintiff's counsel respond to often redundant filings is, in this court's view, bad faith conduct warranting the award of attorney's fees for such duplicative and colorless filings."

The court does not provide separate specific factual findings supporting a determination of bad faith and a determination that the filings were without color. In essence, it is stating that the defendant filed repetitious and duplicative filings necessitating a response from the plaintiff's counsel. Although the court stated that it had found the defendant's claims to be "without merit," that finding does not conclusively establish that those same claims, as presented in the defendant's filings with the court, were entirely colorless. "[A] claim is colorable, for purposes of the bad faith exception to the American rule, if a reasonable person, given his or her firsthand knowledge of the underlying matter, could have concluded that the facts supporting the claim might have been established." (Internal quotation marks omitted.) *Keller* v. *Keller*, 167 Conn. App. 138, 150, 142 A.3d 1197, cert. denied, 323 Conn. 922, 150 A.3d 1151 (2016). "The standard definition of bad faith is the absence of good faith." *Kupersmith* v. *Kupersmith*, 146 Conn. App. 79, 98 n.14, 78 A.3d 860 (2013). "[T]he court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; [t]he appropriate focus for the court . . . is the conduct of the party in instigating or maintaining the litigation." (Internal quotation marks omitted.) Id., 97–98.

In the present case, the self-represented defendant filed his motion to vacate claiming that the plaintiff had commented on social media that she was not afraid of him and that she was going to take matters into her own hands. He further claimed that she was trying to have him violate the order in order to have him arrested.

At the hearing on the motion, the defendant's counsel advised the court that the police did not find probable cause to arrest the defendant in the subsequent investigation of the plaintiff's complaint. Although the court stated that it found the defendant's claims unpersuasive and without merit, the court did not provide, with a high degree of specificity, factual findings to support a determination that those claims were made in bad faith and were entirely without color.

With respect to the defendant's motion for reargument and the two amendments to that motion,[16] the defendant acknowledged in his first amendment that he had cited the wrong Practice Book rule in his initial motion. In his second amendment, the defendant brought to the court's attention the fact that the motion to vacate had been timely filed within 120 days of the court's November 24, 2015 judgment. In the court's June 30, 2016 articulation, it agreed that its finding had been erroneous because the defendant's motion had been filed 105 days after the judgment. We fail to see how the defendant's second motion for reargument can be characterized in any way as being filed in bad faith or colorless when the defendant's claim was found to be correct.

It would appear that the court concluded that the numerous filings were made for the purpose of "victimiz[ing]" the plaintiff, but there is nothing in the record to show that the defendant's motivation in filing his motions and his own application for a civil protection order against the plaintiff was for purposes of harassment. The court provides no specific factual findings to support such a determination.

For these reasons, we conclude that the court did not find with adequate specificity that the defendant's claims were entirely without color and that he acted in bad faith. *Maris* v. *McGrath*, supra, 269 Conn. 845. Accordingly, the court's award of $1500 in attorney's fees to the plaintiff must be vacated.[17]

IV

The defendant's final claim is that the court improperly granted the plaintiff's motion for a one year extension of the civil protection order to November 24, 2017. He argues that § 46b-16a (c) authorizes an extension only if the need for protection still exists and that no evidence was presented at the November 15, 2016 hearing to support that finding. We agree with the defendant.

It is undisputed that, although the parties were duly sworn at the commencement of the extension hearing held on November 15, 2016, neither the plaintiff nor the defendant testified at that hearing. Following the argument by the plaintiff's counsel that the court needed only to find that a motion to extend the order had been properly filed, that the plaintiff had been the victim of sexual abuse or sexual assault, and that no

other protection against the defendant existed, the court called a recess in order to review the relevant statutory provisions; see footnote 5 of this opinion; and the parties' submissions. When the court reconvened after the recess, it immediately made its ruling on the plaintiff's motion for extension. The court, without the benefit of the submission of any evidence, concluded that "the need for protection of [the plaintiff] still exists" and granted the plaintiff's motion to extend the civil protection order to November 24, 2017. No further explanation was provided by the court at that time.

The defendant subsequently filed a motion for an articulation of the factual and legal grounds for the court's ruling. The court granted the defendant's motion and issued a written memorandum of decision on February 27, 2017. In that articulation, the court stated that the parties had presented different interpretations of § 46b-16a (c). The court then undertook its own analysis of the statutory provisions at issue, namely, subsections (a) and (c) of § 46b-16a, and concluded that the statutory requirements for an extension had been satisfied for the following reasons. First, the court repeated certain determinations that it had made in prior rulings. The court stated that it had fully credited the plaintiff's testimony about the November 8, 2015 sexual assault and that the defendant, following the issuance of the civil protection order, "made numerous court filings, including his application for a civil protection order . . . which required [the plaintiff] to make numerous court appearances and to repeatedly see [the defendant]. . . . [B]y using the civil protection order process to file multiple motions without any merit, [the defendant] continues to victimize the victim." (Internal quotation marks omitted.)

Next, the court stated that it had reached its conclusion on the basis of the task force's recommendations; see footnote 8 of this opinion; as well as the court's factual findings in this case: "[T]he court concludes that the circumstances of this case, i.e., [the defendant] sexually assaulted [the plaintiff] but was not criminally prosecuted, present the exact situation for which the legislature intended continuing protection and provided for an extension of the civil protection order. Therefore, the court finds that the need for protection still exists pursuant to § 46b-16a (c) in this case. Thus, because it is undisputed that [the plaintiff] filed a proper motion for the extension of the civil protection order, a proper officer served the [defendant] a copy of the motion, no other protection order based on the same facts and circumstances is in place, and, as the court has determined, the need for protection still exists . . . [the plaintiff] has satisfied all the requirements under § 46b-16a (c) for the court to extend the civil protection order against [the defendant]."

From this review of the court's articulation, it is

apparent that the court determined that the statute authorized an extension solely on the basis of the evidence that had been presented at the time of the issuance of the November 24, 2015 civil protection order. The court concluded that the fact that the plaintiff had been a victim of sexual assault, that no other protection order against the defendant had been issued in connection with that assault, and that she followed the procedural requirements for the filing of the motion for an extension, entitled her to an extension without presenting any evidence that a need for protection still existed because of current circumstances. We conclude that the court improperly granted the extension without holding an evidentiary hearing.

The issue raised in this appeal, namely, whether the plaintiff was required to present evidence that her need for protection against the defendant still existed before the court could grant her motion for a one year extension of the civil protection order, is an issue of statutory construction. "Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citations omitted; internal quotation marks omitted.) *Commissioner of Transportation* v. *ISIS Realty Associates Ltd. Partnership*, 121 Conn. App. 13, 18–19, 993 A.2d 491 (2010).

The statutory language at issue is found in subsections (a) and (c) of § 46b-16a. Section 46b-16a (c) provides that a court may extend a civil protection order provided (1) the applicant files a proper motion, (2) a copy of the motion was properly served on the respondent, (3) no other protection order based on the same facts and circumstances exists, and (4) "*the need for protection, consistent with subsection (a) of this section, still exists*." (Emphasis added.) Section 46b-16a

(a) provides that a "victim of sexual abuse [or] sexual assault" may apply to the Superior Court for the issuance of a civil protection order if no other court order of protection has been obtained in connection with that sexual abuse or sexual assault and if the applicant does not qualify for relief from abuse by a family or household member under § 46b-15. The statutory language is clear and unambiguous. A victim of sexual abuse or sexual assault, after having obtained a civil protection order, can apply to have that order extended if, inter alia, "the need for protection . . . *still exists*." (Emphasis added.)

The trial court recognized that it was required to find that the need for protection still existed in order to grant the plaintiff's motion for an extension of the order. It made that finding, but the basis for its determination was that the plaintiff had been a victim of sexual assault, the defendant had not been criminally prosecuted for that assault, and the legislature intended such victims to be protected. Further, the court stated that the defendant's filing of repetitious motions and his own application for a civil protection order against the plaintiff meant that he "continues to victimize the victim."

The court's basis for its finding that the plaintiff's need for protection against the defendant still existed is insufficient without some testimony or other evidence to support it. As previously discussed in part III of this opinion, the defendant should not be penalized for filing his motions and application for a civil protection order absent some evidence that he had acted in bad faith, vexatiously, wantonly or for oppressive reasons. He provided explanations for his numerous filings, and even the filing of supposed meritless requests does not automatically constitute bad faith conduct. Moreover, there is no logical connection between prohibiting contact with the plaintiff and the defendant's filing of pleadings in ongoing litigation between the parties. Requiring the defendant to stay 100 yards away from the plaintiff should not be used as a foil to prevent him from exercising his legal right to defend against or commence actions that involve this plaintiff.

We conclude that the court could not properly grant a one year extension on the grounds that the plaintiff had been a victim of sexual assault and that the statute was designed to protect such victims. If that were the case, civil protection orders could be continued ad infinitum regardless of the current situation between the parties. There is nothing in the relevant legislation to suggest such an intent or result. In order to obtain an extension, the plaintiff was required to present evidence that her need for protection against the defendant still existed, and she failed to do so. In the absence of any evidence to meet that statutory requirement, the court erred in extending the civil protection order to Novem-

ber 24, 2017.

The judgment is reversed only as to the award of attorney's fees to the plaintiff and the order extending the civil protection order to November 24, 2017, and the case is remanded with direction to vacate that award and that order. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interest of the applicant for a protection order, we decline to identify the applicant or others through whom the applicant's identity may be ascertained.

[1] General Statutes § 46b-16a (a) provides: "Any person who has been the victim of sexual abuse, sexual assault or stalking, as described in sections 53a-181c, 53a-181d and 53a-181e, may make an application to the Superior Court for relief under this section, provided such person has not obtained any other court order of protection arising out of such abuse, assault or stalking and does not qualify to seek relief under section 46b-15."

Although General Statutes § 46b-16a has been subject to amendment since the plaintiff's application was filed in 2015; see Public Acts 2016, No. 16-34, § 6; Public Acts 2016, No. 16-105, § 6; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[2] The defendant's initial motion to reargue was dated May 2, 2016, but it was filed with the court on May 3, 2016.

[3] On May 16, 2016, the defendant, through his counsel, filed a memorandum of law in support of the "motion to open and modify" that had been filed by the self-represented defendant on March 8, 2016. The March 8, 2016 "motion to vacate" already had been adjudicated by the court on April 26, 2016. The memorandum of law was filed more than two months after the filing of the motion and nearly one month after the court's ruling. The defendant's counsel subsequently provided a reason for filing the memorandum. The defendant, when self-represented, had failed to file the requisite supporting memorandum of law pursuant to Practice Book § 11-10 when he filed his motion to vacate the civil protection order. The defendant's counsel explained: "The memorandum of law presented no new facts or arguments, and was filed only to ensure the viability of [the] defendant's motion to vacate pending its reargument."

[4] We note that the defendant's counsel did not articulate this standard until the hearing on his second amended motion to reargue. Neither party stated that the court needed to find a good and compelling reason to open the judgment at the April 26, 2016 hearing on the defendant's motion to vacate or modify the civil protection order.

[5] General Statutes § 46b-16a (c) provides: "No order of the court shall exceed one year, except that an order may be extended by the court upon proper motion of the applicant, provided a copy of the motion has been served by a proper officer on the respondent, no other order of protection based on the same facts and circumstances is in place and the *need for protection*, consistent with subsection (a) of this section, still exists." (Emphasis added.)

Subsection (a) of § 46b-16a; see footnote 1 of this opinion; provides that a victim of sexual abuse or sexual assault may apply to the Superior Court for a civil protection order if that person has not obtained any other court order of protection arising out of the sexual abuse or sexual assault and if that person does not qualify for relief under the statute that addresses physical abuse, stalking or threatening by a family or household member.

[6] The defendant referred to the following language in § 46b-16a (b) in support of his argument: "If the court finds that there are reasonable grounds to believe that the respondent has committed acts constituting grounds for issuance of an order under this section and will continue to commit such acts or acts designed to intimidate or retaliate against the applicant, the court, in its discretion, may make such orders as it deems appropriate for the *protection* of the applicant. . . ." (Emphasis added.)

[7] The task force referred to is the legislative Task Force on the Expansion of Civil Restraining Orders. See footnote 8 of this opinion.

[8] In the court's articulation, it noted that neither the parties nor the court had found cases that interpreted the relevant statutory provisions. The court then looked for guidance from the task force that the legislature had

established to make recommendations to the bill that subsequently became § 46b-16a. The court stated: "The task force . . . noted that under the circumstances where there is a sexual assault but no criminal prosecution of the perpetrator, victims of sexual assault are in a continuing need of protection because '[t]he accused perpetrators often intimidate and harass victims and their families.' "

[9] We will address this second claim more thoroughly in part II of this opinion.

[10] Although the defendant filed a motion to vacate, the court asked the defendant's counsel for clarification as to what relief was being sought at the hearing on the motion held on April 26, 2016. The defendant's counsel responded that the defendant was requesting that the court vacate, or, in the alternative, to modify the civil protection order. The plaintiff did not object to that characterization of the motion, and the court and the parties proceeded on that basis.

[11] The defendant repeatedly has confirmed that he is not challenging the granting of the civil protection order by the court on November 24, 2015. By seeking a modification of the order, he claims that the need for some of its original terms no longer exists.

[12] The court held a hearing on the defendant's motion even though it is not one of the enumerated motions in our rules of practice that provides for oral argument as a matter of right. See Practice Book § 11-18.

[13] In this case, the subject motion to vacate or modify had been filed within four months of the date that the court granted the plaintiff's application for a civil protection order against the defendant. It therefore is not necessary for this court to reach the issue of whether the motion would have been untimely if it had been filed more than four months after the court's judgment. Nevertheless, we do not mean to suggest that a party is restricted to the four month period when a court grants injunctive relief in a restraining order. See *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 214–16, 884 A.2d 981 (2005).

[14] "[T]he common law rule in Connecticut, also known as the American Rule, is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Berzins* v. *Berzins*, 306 Conn. 651, 661, 51 A.3d 941 (2012).

The plaintiff does not claim that there is any statute that authorizes an award of attorney's fees under the circumstances of this case.

[15] We have been provided with no authority by either the plaintiff or the court that supports a finding that the filing of duplicative motions, none of which were "colorless" or filed in protectionaith, constitutes protectionaith conduct because of the cumulative amount of such filings.

[16] "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Emphasis omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94 n.28, 952 A.2d 1 (2008).

[17] In her appellate brief, the plaintiff argues that the defendant waived his right to challenge the award of attorney's fees on appeal because he failed to object at the May 17, 2016 hearing. In support of her argument, the plaintiff cites *Smith* v. *Snyder*, 267 Conn. 456, 481, 839 A.2d 589 (2004); *Florian* v. *Lenge*, 91 Conn. App. 268, 285–86, 880 A.2d 985 (2005); and *Arcano* v. *Board of Education*, 81 Conn. App. 761, 771, 841 A.2d 742 (2004). These cases are distinguishable from the present action. In *Smith* and *Arcano*, attorney's fees were *authorized by statute* and could be awarded at the discretion of the court. In *Florian*, attorney's fees were *authorized by the subject promissory note* that permitted recovery of attorney's fees provided they were reasonable. None of those cases involved the bad-faith exception to the American rule. As discussed in this opinion, certain requirements must be met before a court can award attorney's fees under the bad faith exception, and the court's factual findings were insufficient to support that award.

Moreover, we are not convinced that the defendant failed to challenge the plaintiff's request for attorney's fees. At the May 17, 2016 hearing, the defendant's counsel, although not expressly stating that he objected, did respond that "we find nothing improper in amending our pleadings as the

circumstances require." His statement reflects that he questioned the propriety of imposing sanctions under these circumstances.

---