MARIA PLATT *v.* BRIAN NEWMAN ET AL.
(5084)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 14, 1987—decision released January 5, 1988

*Robin J. Hammeal-Urban,* with whom, was *Amy Stillman Kulig,* for the appellant (plaintiff).

*William F. McDonald,* for the appellees (defendants).

STOUGHTON, J. This is an appeal from the denial of a permanent injunction. Because the issues have become moot, we dismiss the appeal.

The plaintiff sought temporary and permanent injunctions against the town of Enfield and two town officials under the Uniform Relocation Assistance Act (URAA); General Statutes §§ 8-266 through 8-282; in order to secure replacement housing and relocation assistance. The record contains no response to the complaint. It appears from the trial court's memorandum of decision, however, that in order to expedite matters the parties submitted a stipulation of facts upon which the case would be decided, the sole issue to be whether a permanent injunction should issue. Under the circumstances of this case, we deem that the stipulation of facts will suffice as a responsive pleading. See *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 248, 440 A.2d 310 (1982).[1] In addition to the use of the stipulation, the trial court held a hearing so that supplemental facts might be presented.

The plaintiff, a low-income resident of Enfield, moved into a first-floor unit in Enfield in August of 1985 with her two small children. This unit had been commercial space, and a special use permit was required from the Enfield planning and zoning commission before the space could be converted to residential use. The landlord was advised of the zoning restriction, but failed

[1] The proceedings below in this action were quite similar to those in *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 440 A.2d 310 (1982). There, a hearing to show cause why a temporary injunction should not issue was, by stipulation of the parties, allowed to proceed as though it was a hearing on the issuance of a permanent injunction. The defendants had not filed answers to the plaintiff's complaint. Id., 248.

to apply for a special use permit. After there had been a fire in the unit on January 7, 1986, the Thompsonville fire district marshall inspected the building and found many violations of the fire, safety, health, housing and building codes. The Enfield deputy building officer condemned and posted the building as unsafe, and the occupants were required to leave. The plaintiff applied to the director of community development of the town of Enfield for relocation assistance under the URAA. On January 22, 1986, her application was denied on the ground that the plaintiff had not lawfully occupied the dwelling unit. This action seeking injunctive relief followed. The plaintiff also requested a hearing before the relocation assistance appeals board of the state department of housing seeking monetary relief. The administrative hearing officer granted the plaintiff's motion for stay of proceedings pending the outcome of the action seeking injunctive relief.

The defendant moved to dismiss the action in the trial court for failure of the plaintiff to exhaust her administrative remedies. The motion to dismiss was denied and the request for monetary relief from the relocation assistance appeals board remains pending.

The trial court found that the plaintiff was forced to move because of violations of the fire safety, housing, health, building and zoning codes. It concluded that zoning codes are not included within "building code," as that term is used in the URAA. See *Dukes* v. *Durante,* 192 Conn. 207, 216, 471 A.2d 1368 (1984). The court concluded that eligibility under the URAA is limited to persons displaced from a dwelling "actually and lawfully" occupied; General Statutes § 8-270; and that because the plaintiff occupied the premises in violation of the zoning ordinances she did not occupy the premises lawfully. It, therefore, denied the application for a permanent injunction.

During oral argument, the plaintiff conceded that she now has replacement housing and that she no longer seeks injunctive relief. She claims, however, that she is entitled to monetary relief under the URAA. The trial court did not consider any right the plaintiff might have to monetary relief because the parties had agreed that the scope of the relief sought was injunctive. The court was aware, however, of the plaintiff's claim for monetary relief from the department of housing.

Under the circumstances of this case, even if this court should conclude that the trial court was in error in denying injunctive relief, no practical relief could follow because the plaintiff no longer seeks injunctive relief, the issue upon which the trial court ruled. It is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. *Waterbury Hospital* v. *Connecticut Health Care Associates,* supra, 249; *Gormley* v. *Panuzio,* 166 Conn. 1, 3, 347 A.2d 78 (1974). The doctrine of mootness is applicable to decrees and orders relating to injunctions. *Waterbury Hospital* v. *Connecticut Health Care Associates,* supra, 249 n.3.

The appeal is dismissed.

In this opinion the other judges concurred.