******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# THOMAS FREDO *v.* KRISTIN FREDO
## (AC 39719)

DiPentima, C. J., and Moll and Harper, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgment of the trial court with respect to certain of the parties' postdissolution motions. The parties' settlement agreement, which had been incorporated into the dissolution judgment, provided, inter alia, that the parties had joint legal custody and shared physical custody of their minor children and that the plaintiff would pay the defendant $250 per week in child support. The agreement also provided that the plaintiff was entitled to several family businesses free from any claims of the defendant. In consideration for the defendant's relinquishing any claims that she had to the family businesses, the agreement set forth terms concerning the transfer of a lot from the subdivision of certain real property located in North Granby from the plaintiff to the defendant. The trial court subsequently approved certain modifications to the child support orders in accordance with various agreements of the parties. Thereafter, the defendant filed a motion for accounting, requesting that the plaintiff provide her with an accounting of all conveyances with respect to the North Granby property during a certain time period, and a motion for modification of child support in which she asserted that the parties' youngest child had vacated the plaintiff's home, which was then her primary residence, and had been residing continuously with and supported by her maternal aunt and uncle, K and T. The specific relief sought in the prayer for relief in the motion for modification was an order requiring the parties to pay recalculated child support to K, who was not a party in the action. In response, the plaintiff filed a motion to dismiss the motion for modification, as well as a motion to quash a subpoena duces tecum that had been served on him by the defendant, a motion for attorney's fees and an objection to the defendant's motion for an accounting. During the hearing on the parties' motions, the trial court stated that the prayer for relief in the defendant's motion for modification was flawed because the court lacked jurisdiction to order the payment of child support directly to K as a nonparty. In response, the defendant's counsel orally requested permission to modify the original prayer for relief. The court, however, did not specifically respond to that request but suggested that the defendant's counsel file a revised motion. No revised motion was filed, and, instead, the defendant filed a substitute prayer for relief without receiving permission from or notifying the court. The trial court thereafter rendered judgment granting the motion to dismiss, denying the motion for modification of child support and granting the motion to quash the subpoena duces tecum, and awarded the plaintiff $1500 in attorney's fees payable within thirty days. The court did not adjudicate the defendant's motion for an accounting or the plaintiff's objection thereto, finding that the parties had agreed during argument that the motion was premature because certain conditions precedent concerning the transfer of the North Granby lot to the defendant had not yet occurred. On the defendant's appeal to this court, *held*:

1. The trial court improperly granted the plaintiff's motion to dismiss the defendant's motion for modification of child support for lack of subject matter jurisdiction; that court had subject matter jurisdiction to entertain the motion pursuant to the applicable statutes (§§ 46b-1 [4] and 46b-86 [a]), which vested the court with plenary and general jurisdiction over child support and continuing jurisdiction to modify the child support orders, respectively.

2. The defendant's claim that the trial court improperly denied her motion for modification of child support was not reviewable, this court having concluded, sua sponte, that her appeal from the denial of the motion for modification was moot; the defendant's counsel represented at oral argument before this court that, by the time that the parties had argued the motion for modification before the trial court, the defendant had

abandoned the only relief that she had requested that was considered by the trial court, namely, the payment of recalculated child support to K, and, therefore, there was no practical relief that could be afforded to the defendant because she abandoned pursuing the only relief requested that was properly before the trial court with respect to her motion for modification.

3. The defendant's appeal from the trial court's judgment disposing of her motion for an accounting was moot; during oral argument before this court, the defendant's counsel represented that the defendant had received an informal accounting from the plaintiff and, consequently, that the defendant was no longer seeking a formal accounting, and, therefore, given that the defendant was no longer seeking the relief requested in her motion for an accounting, there was no practical relief that this court could afford her with respect to her motion for an accounting.

4. The defendant's appeal from the trial court's judgment granting the plaintiff's motion to quash the subpoena duces tecum was moot; in light of this court's conclusions that the portions of the defendant's appeal challenging the trial court's denial of the motion for modification of child support and its ruling on the motion for an accounting were moot, there was no practical relief that this court could afford the defendant with respect to the motion to quash.

5. The trial court abused its discretion by awarding the plaintiff $1500 in attorney's fees pursuant to the bad faith exception to the general rule that a prevailing party is ordinarily not entitled to collect attorney's fees from the losing party; that court failed to make the requisite findings in support of its award of attorney's fees pursuant to the bad faith exception, its memorandum of decision having contained no express findings, made with a high degree of specificity, that the defendant's claims with respect to her motions and the subpoena duces tecum served on the plaintiff were entirely without color and that the defendant had acted in bad faith, and, therefore, the award had to be vacated.

Argued May 29—officially released October 2, 2018

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Gruendel*, *J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Ficeto*, *J.*, granted the plaintiff's motion to dismiss the defendant's motion for modification of child support, denied the defendant's motion for modification of child support, declined to ruled on the defendant's motion for an accounting, granted the plaintiff's motion to quash a certain subpoena duces tecum and awarded the plaintiff attorney's fees; subsequently, the court, *Ficeto*, *J.*, denied the defendant's motion to reargue, and the defendant appealed to this court. *Appeal dismissed in part; judgment reversed in part; judgment directed.*

*John C. Lewis III*, with whom, on the brief, was *Joseph R. Serrantino*, for the appellant (defendant).

*C. Michael Budlong*, with whom was *Brandon B. Fontaine*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant, Kristin Fredo, appeals from the judgment of the trial court on several postdissolution motions rendered in favor of the plaintiff, Thomas Fredo. On appeal, the defendant claims that the court improperly (1) granted the plaintiff's motion to dismiss the defendant's motion for modification of child support for lack of subject matter jurisdiction, while also denying the motion for modification, (2) disposed of the defendant's motion for an accounting, (3) granted the plaintiff's motion to quash a subpoena duces tecum, and (4) awarded attorney's fees to the plaintiff. We reverse the judgment of the court granting the plaintiff's motion to dismiss the defendant's motion for modification and awarding attorney's fees to the plaintiff, and we dismiss, as moot, the remainder of the appeal.

The record reveals the following undisputed facts and procedural history. The parties married on July 17, 1993. They have three children of the marriage: a son born in January, 1994; a daughter born in October, 1995; and a daughter born in February, 1998. In July, 2004, the plaintiff filed the underlying complaint for dissolution of marriage. On November 24, 2004, the court rendered judgment dissolving the parties' marriage. The judgment incorporated by reference the terms of a separation agreement that the parties had entered into on the same date. The agreement provided, inter alia, that the parties had joint legal custody and shared physical custody of the children, and that the plaintiff would pay the defendant a total sum of $250 per week in child support.

The separation agreement also provided that the plaintiff was entitled to several family businesses free from any claims of the defendant. In consideration of the defendant relinquishing any claims that she had to the family businesses, the agreement set forth terms concerning the transfer of certain real property located in North Granby from the plaintiff to the defendant. More specifically, TFHB, LLC, one of the family businesses of which the plaintiff was a member, owned real property in North Granby that it planned to subdivide. The agreement provided that, upon obtaining approval for the subdivision of the North Granby property, as well as zoning approval, the plaintiff was required to transfer one lot from the subdivision to the defendant and another lot from the subdivision to a trust for the benefit of the parties' children.

The court subsequently approved certain modifications to the child support orders. In 2005, the court approved an agreement providing, inter alia, that the primary residence of the minor children would be with the plaintiff and that the plaintiff would no longer pay any moneys to the defendant, subject to future orders of the court. Pursuant to a subsequent agreement approved by the court in 2008, the defendant was

required to pay the plaintiff $50 per week in child support, as well as a portion of expenses related to the children's extracurricular activities and health care. In 2010, the court approved another agreement whereby the defendant's obligation to pay the plaintiff child support and expenses related to the children's extracurricular activities and health care, past or present, would be deferred until certain conditions were met in relation to the transfer of the North Granby lot to the defendant.

On May 18, 2016, the defendant filed a motion for an accounting, requesting that the plaintiff provide her with an accounting of all conveyances with respect to the North Granby property from October 7, 2010 to the present date. That same day, the defendant also filed a motion for modification of child support. The defendant asserted therein that the parties' youngest child, who at that time remained subject to child support orders as a full-time high school student despite having reached the age of majority, had vacated the plaintiff's home and had been residing with the child's maternal aunt and uncle, Kimberly Brignole and Timothy Brignole, continuously since September, 2015. She further asserted that Kimberly and Timothy Brignole had been supporting the child. The original prayer for relief in the motion for modification read as follows: "Wherefore, for all of the foregoing reasons, the defendant mother hereby moves for modification of the orders of this court regarding child support for [the] youngest child and the payment of unreimbursed medical/dental expenses and the like for said minor child and the payment of extracurricular activity expenses for said child. The defendant respectfully requests that this court recalculate child support and order the parties to pay their respective share to the *maternal aunt* and that this court establish an allocation for each parent requiring that they reimburse the *maternal aunt* for the child's unreimbursed medical/dental expenses, prescription medications and the like and reimburse the *maternal aunt* for the child's extracurricular activity expenses." (Emphasis added.)

On June 7, 2016, the plaintiff filed a motion to dismiss the defendant's motion for modification,[1] asserting that the defendant lacked standing to request, and the court lacked jurisdiction to grant, an order directing payment of child support to Kimberly Brignole because she was not a party to the action and did not have legal custody of the parties' youngest child. That same day, the plaintiff separately filed a motion to quash a subpoena duces tecum that had been served on him by the defendant, a motion for attorney's fees, and an objection to the defendant's motion for an accounting. On June 13, 2016, Kimberly Brignole filed a motion seeking to intervene in the action but withdrew that motion on July 22, 2016, and did not attempt to intervene in the action thereafter.

On August 10, 2016, the court held a hearing on the

parties' respective pending motions. Other than the submission by the plaintiff's counsel of an affidavit regarding attorney's fees, the hearing was limited to argument on the pending motions. During the hearing, the court stated that the original prayer for relief in the defendant's motion for modification was "flawed," as the court lacked jurisdiction to order the payment of child support directly to Kimberly Brignole as a nonparty. In response, the defendant's counsel orally requested permission to modify the original prayer for relief. Although the court did not specifically respond to that request, the court suggested that the defendant's counsel could file a revised motion. No revised motion was filed.

Instead, on August 18, 2016, the defendant filed a document titled "Substituted Prayer for Relief re: Defendant's Motion for Modification, Post Judgment No. 208.00." It was filed without the court's permission and nothing in the record before this court suggests that the defendant made the trial court aware of its filing. The substituted prayer for relief read as follows: "Wherefore, for all of the foregoing reasons, the defendant mother hereby moves to modify the orders of this court regarding child support for their youngest child. Due to the fact that the youngest child is no longer living with the plaintiff father, the defendant respectfully requests that this court terminate her obligations for the payment of child support directly to the plaintiff. The defendant further moves for an order, retroactive to the date of service of [the motion for modification], that the prior child support order of $50 per week shall no longer accrue against her pursuant to the deferred order dated October 7, 2010. The defendant further moves pursuant to [General Statutes] § 46b-84 (b) for the recalculation of child support, a finding that the parties' youngest child is in need of maintenance and an order that the parties shall maintain said child according to their respective abilities and pay their respective share of child support directly to their [youngest child] until such time as she ages out for child support purposes under state statute."

By a memorandum of decision dated August 31, 2016, the court rendered judgment granting the plaintiff's motion to dismiss the defendant's motion for modification, denying the motion for modification, granting the plaintiff's motion to quash the subpoena duces tecum, and awarding the plaintiff $1500 in attorney's fees payable within thirty days. The court did not adjudicate the defendant's motion for an accounting or the plaintiff's objection thereto, instead finding that the parties had "agreed during argument that the motion for accounting was premature," as certain conditions precedent concerning the transfer of the North Granby lot to the defendant had not yet occurred. A written notation on the motion for accounting contained in the trial court file reads as follows: "Off/Noted: See 8/31/2016 memo

of decision.'' The defendant subsequently filed a motion for reconsideration and to reargue, which the court denied. This appeal followed.[2] Additional facts will be set forth as necessary.

## I

We first consider the defendant's claim that the court improperly granted the plaintiff's motion to dismiss the defendant's motion for modification for lack of subject matter jurisdiction, while also denying that motion. Specifically, the defendant claims that several state statutes vested the court with subject matter jurisdiction to entertain her motion for modification. We conclude that the court had subject matter jurisdiction to adjudicate the defendant's motion for modification, and, thus, the court erred by granting the plaintiff's motion to dismiss the motion for modification. To the extent that the defendant claims that the court improperly denied her motion for modification, however, we do not reach the merits of that claim because we determine that the portion of the appeal challenging the denial of the motion for modification is moot.

### A

We begin by addressing the court's judgment granting the plaintiff's motion to dismiss the defendant's motion for modification for lack of subject matter jurisdiction. On several occasions during the August 10, 2016 hearing on the parties' postdissolution motions, the court stated its view that it lacked jurisdiction to consider the motion for modification because the original prayer for relief improperly requested payment of child support to Kimberly Brignole, a nonparty. In its August 31, 2016 memorandum of decision, the court stated in relevant part: ''There are several issues relevant to the defendant's [original prayer for relief], the most critical being that: (i) [the youngest child] is now [eighteen]; and (ii) [Kimberly Brignole] is not a party to this litigation. There exists a statutory provision to allow the payment of child support to a third party upon the 'change or transfer' of custody.[3] A change of custody, as contemplated by said statute, has not, and cannot occur in this matter as [the youngest child] is no longer a 'minor child' as set forth in General Statutes § 1-1d. This fact was apparently recognized by the defendant who filed a motion to intervene on behalf of [Kimberly Brignole] and then withdrew the motion prior to argument.'' (Footnote in original.) The court proceeded to grant the plaintiff's motion to dismiss the motion for modification, while simultaneously denying the motion for modification.

The defendant asserts that, irrespective of the specific relief requested in her motion for modification, the court had subject matter jurisdiction to entertain her motion pursuant to General Statutes §§ 46b-1[4] and 46b-86 (a).[5] During oral argument before this court, the plaintiff's counsel expressly conceded that the trial

court had subject matter jurisdiction over the motion for modification.[6]

"The applicable standard of review is well established. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Jungnelius* v. *Jungnelius*, 133 Conn. App. 250, 253–54, 35 A.3d 359 (2012).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments § 11. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

In *Amodio* v. *Amodio*, supra, 247 Conn. 727, 732, our Supreme Court reversed this court's judgment that concluded that the Superior Court lacked subject matter jurisdiction to entertain a motion to modify a child support order where, as this court had concluded, "the parties' dissolution decree unambiguously foreclosed modification of the support order unless the [husband] earned more than $900 per week, and the [husband's] financial affidavit indicated that his income had remained at that level." Our Supreme Court determined that § 46b-1 (4) vests the Superior Court with "plenary and general subject matter jurisdiction over legal disputes in 'family relations matters,' including alimony and support," and § 46b-86 (a) vests the Superior Court "with continuing jurisdiction to modify support orders." Id., 729. Our Supreme Court continued: "[T]ogether . . . [those] two statutes provided the court with subject matter jurisdiction over the modification claim in [that] case." Id., 729–30.

Applying the rationale set forth in *Amodio* to the present case, we conclude that the court had subject matter jurisdiction to entertain the defendant's motion for modification of child support, notwithstanding any defects in the original prayer for relief contained in the motion for modification.[7] Section 46b-1 (4) vested the court with plenary and general jurisdiction over child support in the underlying matter, and § 46b-86 (a) vested the court with continuing jurisdiction to modify the child support orders.[8] Thus, the court erred by grant-

ing the plaintiff's motion to dismiss the motion for modification for lack of subject matter jurisdiction.

B

Having concluded that the court had subject matter jurisdiction to entertain the defendant's motion for modification, we next turn to the court's judgment denying the motion for modification. We do not reach the merits of whether the court improperly denied the motion for modification because we conclude, sua sponte, that the defendant's appeal from the denial of the motion for modification is moot.

"Even though the issue of mootness was not raised in the briefs . . . this court has a duty to consider it sua sponte because mootness implicates the court's subject matter jurisdiction. It is, therefore, a threshold matter to resolve. . . . It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Sorrentino* v. *Sorrentino*, 160 Conn. App. 25, 30–31, 123 A.3d 1287, cert. denied, 319 Conn. 958, 125 A.3d 535 (2015).

According to the original prayer for relief in the defendant's motion for modification, the specific relief that the defendant sought was an order requiring the parties to pay recalculated child support to Kimberly Brignole, a nonparty. During the August 10, 2016 hearing on the parties' respective postdissolution motions, the defendant's counsel acknowledged that the original prayer for relief requested payment of child support to Kimberly Brignole. The defendant's counsel also commented that the purpose of filing the motion for modification was to terminate the defendant's child support obligation to the plaintiff. The court stated that the original prayer for relief was "flawed" because the court lacked jurisdiction to order the payment of child support to Kimberly Brignole as a nonparty. The court remarked that the defendant could file a revised motion for modification with an amended prayer for relief. Instead, the defendant's counsel orally requested permission to modify the original prayer for relief. The court did not respond to that request expressly. The defendant did not file a revised motion thereafter.

The defendant subsequently filed a so-called "Substituted Prayer for Relief re: Defendant's Motion for Modification, Post Judgment No. 208.00" eight days after the

hearing on the parties' postdissolution motions. There is no suggestion in the record that the substituted prayer for relief was filed with the permission of the court. Further, the record does not reflect that the court was even made aware of the substituted prayer for relief prior to issuing its memorandum of decision. Indeed, in its memorandum of decision, the court construed the relief requested in the defendant's motion for modification to be "an order for the recalculation of child support payable directly to [Kimberly Brignole]." Accordingly, the only relief requested by the defendant that was considered by the court with respect to the motion for modification was the payment of recalculated child support to Kimberly Brignole.[9]

During oral argument before this court, the defendant's counsel conceded that the trial court lacked the authority to order the payment of child support to a nonparty even if the court had subject matter jurisdiction to entertain the defendant's motion for modification. Counsel further represented that, by the time that the parties had argued the motion for modification before the trial court, the defendant had abandoned seeking payment of child support to Kimberly Brignole.

In light of the foregoing, we conclude that the portion of the defendant's appeal from the court's denial of her motion for modification is moot. That is, with respect to this claim on appeal, we can afford no practical relief to the defendant because she has abandoned pursuing the only relief requested that was properly before the trial court with respect to her motion for modification. See *Platt* v. *Newman*, 13 Conn. App. 205, 208, 534 A.2d 1259 (1988) (dismissing, as moot, appeal challenging denial of application for permanent injunction where, during oral argument before this court, plaintiff represented that she no longer sought injunctive relief but, rather, sought monetary relief, which trial court had not considered during proceedings before it).

II

We next consider the defendant's claim that the court improperly disposed of her motion for an accounting, wherein she had requested that the plaintiff submit an accounting of all conveyances with respect to the North Granby property from October 7, 2010 to the filing date of the motion. The court marked "Off/noted"[10] the motion for an accounting following its finding that the parties had "agreed during argument that the motion for accounting was premature," as certain conditions precedent concerning the transfer of the North Granby lot to the defendant had not yet occurred. On appeal, the defendant primarily asserts that the parties never agreed that the motion for an accounting was premature and that, based on the terms of the parties' separation agreement, the motion for an accounting was ripe for adjudication. In response, the plaintiff argues, inter alia, that the defendant's claim as to the motion for an

accounting is moot because he has provided the defendant with an informal accounting.

During oral argument before this court, the defendant's counsel represented that the defendant had received an informal accounting from the plaintiff and, consequently, that the defendant is no longer seeking a formal accounting. Given that the defendant is no longer seeking the relief requested in her motion for an accounting, there is no practical relief that we may afford her with respect to her motion for an accounting, and, therefore, we conclude that the defendant's appeal from the judgment disposing of the motion for an accounting is moot. See *Platt* v. *Newman*, supra, 13 Conn. App. 208.

### III

We next consider the defendant's claim that the court improperly granted the plaintiff's motion to quash the subpoena duces tecum served on him by the defendant. Specifically, the defendant asserts that the subpoena sought documents that were subject to mandatory disclosure pursuant to Practice Book § 25-32 and that the plaintiff's refusal to provide the defendant with a financial affidavit was the only reason that the subpoena was served on the plaintiff.[11] In response, the plaintiff argues, inter alia, that the defendant's claim as to the motion to quash is moot if we affirm the court's decision as to the defendant's motion for modification.

In their respective appellate briefs, the parties appear to dispute whether the subpoena duces tecum was served on the plaintiff in relation both to the defendant's motion for modification and her motion for an accounting, or in relation to the motion for modification only. In light of our conclusions previously in this opinion that the portions of the appeal challenging the denial of the motion for modification and the ruling on the motion for an accounting are moot, there is no practical relief that we may afford the defendant with respect to the motion to quash, and, therefore, we conclude that the defendant's appeal from the judgment granting the motion to quash is also moot.

### IV

Finally, we consider the defendant's claim that the court improperly awarded the plaintiff $1500 in attorney's fees. Specifically, the defendant claims that the court failed to make the requisite findings in support of the attorney's fees award pursuant to the bad faith exception to the "American rule."[12] We agree.[13]

We first set forth the applicable standard of review and legal principles that guide our analysis of the defendant's claim. "It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award.

. . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did. . . .

"As a substantive matter, [t]his state follows the general rule that, except as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . .

"[A] litigant seeking an award of attorney's fees for the bad faith conduct of the opposing party faces a high hurdle. . . . To ensure . . . that fear of an award of attorney's fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . . Thus, *Maris* [v. *McGrath*, 269 Conn. 834, 850 A.2d 133 (2004)] makes clear that in order to impose sanctions pursuant to its inherent authority, the trial court must find *both* [1] that the litigant's claims were entirely without color *and* [2] that the litigant acted in bad faith. . . .

"Significantly, our appellate courts have declined to uphold awards under the bad-faith exception absent . . . a high degree of specificity in the factual findings of [the] lower courts." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Rinfret* v. *Porter*, 173 Conn. App. 498, 507–509, 164 A.3d 812 (2017).

In his motion for attorney's fees, the plaintiff requested that the court, pursuant to its inherent authority, award him attorney's fees for his defense against the defendant's motion for modification, the defendant's motion for an accounting, and the subpoena duces tecum that the defendant had served on him. He asserted in relevant part that the purpose of the defendant's motions and subpoena was to harass and to vex him, as well as to obtain information concerning his current financial circumstances improperly. During the August 10, 2016 hearing on the parties' respective post-dissolution motions, the court heard argument on the motion for attorney's fees. The plaintiff submitted an affidavit regarding attorney's fees during the hearing. The court made no findings on the record with respect

to the merits of the motion for attorney's fees.

In its August 31, 2016 memorandum of decision, the court sets forth no reasoning in support of the attorney's fees award entered in favor of the plaintiff, other than stating that the plaintiff was seeking attorney's fees "for the defense of the postjudgment motions that he deems without merit" and that an affidavit regarding attorney's fees had been submitted during the August 10, 2016 hearing. The decision contains no express findings, made with a high degree of specificity, that the defendant's claims with respect to her motions and the subpoena duces tecum served on the plaintiff were entirely without color and that the defendant had acted in bad faith.[14] See *Maris* v. *McGrath*, supra, 269 Conn. 845. Thus, the court's award of attorney's fees to the plaintiff pursuant to the bad faith exception to the American rule constitutes an abuse of discretion and must be vacated. See *Sabrina C.* v. *Fortin*, 176 Conn. App. 730, 751–57, 170 A.3d 100 (2017) (vacating award of attorney's fees in favor of plaintiff pursuant to bad faith exception to American rule where trial count found, inter alia, that defendant's filings were without any merit and were made for purpose of "victimiz[ing]" plaintiff but did not find with adequate specificity that defendant's claims were entirely without color and that defendant had acted in bad faith); *Light* v. *Grimes*, 156 Conn. App. 53, 59, 66–68, 111 A.3d 551 (2015) (vacating award of attorney's fees in favor of plaintiff pursuant to bad faith exception to American rule where trial court found that motion for modification filed by defendant was "wasteful" and "on the border of being frivolous" but did not find that defendant's claims were entirely without color and that defendant had acted in bad faith).

The judgment is reversed as to the granting of the plaintiff's motion to dismiss the defendant's motion for modification of child support and the award of attorney's fees to the plaintiff, and the case is remanded with direction to deny the motion to dismiss and to vacate the attorney's fees award; the remainder of the appeal is dismissed as moot.

In this opinion the other judges concurred.

[1] The filing was titled "Objection and/or Motion to Dismiss re: Defendant's Motion for Modification, Post Judgment." The court treated the submission as a motion to dismiss the motion for modification.

[2] After filing this appeal, the defendant filed a motion for articulation directed to several of the orders set forth in the court's August 31, 2016 memorandum of decision, including the award of attorney's fees to the plaintiff. The court summarily denied the motion for articulation. The defendant did not file a motion for review of the court's denial of the motion for articulation pursuant to Practice Book § 66-7.

[3] "[General Statutes § 46b-224 provides:] Whenever the Probate Court, in a guardianship matter under chapter 802h, or the Superior Court, in a family relations matter, as defined in section 46b-1, orders a change or transfer of the guardianship or custody of a child who is the subject of a preexisting support order, and the court makes no finding with respect to such support order, such guardianship or custody order shall operate to: (1) Suspend the support order if guardianship or custody is transferred to the obligor under the support order; or (2) modify the payee of the support order to be the

person or entity awarded guardianship or custody of the child by the court, if such person or entity is other than the obligor under the support order.”

[4] General Statutes § 46b-1 provides in relevant part: “Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving . . . (4) alimony, support, custody and change of name incident to dissolution of marriage . . . .”

[5] General Statutes § 46b-86 (a) provides in relevant part: “Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . .”

[6] In his appellate brief, the plaintiff argues that the court lacked subject matter jurisdiction and/or statutory authority to modify child support by directing child support payments to Kimberly Brignole. At oral argument, however, when asked whether the trial court had jurisdiction in this case, the plaintiff’s counsel responded: “I think the court did have jurisdiction.”

[7] Separate and distinct from the question of whether the court had subject matter jurisdiction to entertain the defendant’s motion for modification is the question of whether the court had the statutory authority to grant the defendant’s requested relief. See *Amodio* v. *Amodio*, supra, 247 Conn. 730. We need not address that question because we conclude in part I B of this opinion that the portion of the defendant’s appeal taken from the denial of the motion for modification is moot.

[8] In her principal appellate brief, the defendant also cites General Statutes § 46b-84 (b) for the proposition that the parties’ youngest child was entitled to receive child support directly from the parties. To the extent that the defendant argues that § 46b-84 (b) also vested the court with subject matter jurisdiction over her motion for modification, she cites to no authority in support of that proposition. Further, we need not address whether § 46b-84 (b) vested the court with subject matter jurisdiction to entertain the motion for modification in light of our conclusion that the court had subject matter jurisdiction pursuant to §§ 46b-1 (4) and 46b-86 (a).

[9] We emphasize that the court was under no obligation to consider the substituted prayer for relief under these circumstances. The defendant could have filed, but for whatever reason did not file, a revised motion containing a substituted prayer for relief that could have been noticed and heard.

[10] In their respective appellate briefs, the parties dispute the nature of the court’s disposition of the motion for an accounting. The defendant contends that the court implicitly dismissed the motion, whereas the plaintiff argues that the court denied the motion.

[11] The subpoena duces tecum directed the plaintiff to produce various financial documents, including income tax returns and pay stubs.

[12] “The so-called American rule for the award of attorney’s fees to the prevailing party bars such an award except as provided by statute or in certain defined exceptional circumstances . . . .” (Internal quotation marks omitted.) *Maris* v. *McGrath*, 269 Conn. 834, 835, 850 A.2d 133 (2004).

[13] The defendant also claims that the trial court improperly awarded the plaintiff attorney’s fees under General Statutes § 46b-62. Section 46b-62 is not implicated here, as the plaintiff sought attorney’s fees pursuant to the bad faith exception to the American rule only and the August 31, 2016 memorandum of decision makes no mention of § 46b-62.

[14] In his appellate brief, the plaintiff argues that we should presume that the trial court correctly analyzed the law and facts in awarding him attorney’s fees because the defendant has failed to provide us with an adequate record to review her claim that the attorney’s fees award was improper, noting that she failed to file a motion for review of the court’s denial of her motion for articulation. See footnote 2 of this opinion. Alternatively, the plaintiff appears to argue that we must utilize our authority pursuant to Practice Book §§ 60-5 and 60-10 (b) to order the trial court to articulate the basis of the attorney’s fees award if we determine that the trial court failed to make the requisite findings. We are not persuaded. As the relevant case law instructs, in awarding attorney’s fees pursuant to the bad faith exception to the American rule, a trial court must find, with a high degree of specificity, that the litigant’s claims were entirely without color and that the litigant had acted in bad faith. In the present case, there is no ambiguity in the record that the trial court failed to make the requisite findings in support of the attorney’s fees award that the defendant’s claims were entirely without

color and that the defendant had acted in bad faith.

---